UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANK SERGENT #94643                          CIVIL ACTION

versus                                        NO. 05-2557

O. KENT ANDREWS, WARDEN,                      SECTION: "N" (1)
ALLEN CORRECTIONAL CENTER

REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, IT IS RECOMMENDED that the petition be DISMISSED WITH PREJUDICE.

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Frank Sergent, is a state prisoner incarcerated at the Allen Correctional Center, Kinder, Louisiana.  On February 3, 2000, he was convicted of simple burglary in violation of La.Rev.Stat.Ann. § 14:62.[2]  On July 13, 2000, he pled guilty to being a second offender and was sentenced as such to a term of twelve years imprisonment.[3]  On December 27, 2001, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence.[4]  He then filed with the Louisiana Supreme Court an application for a writ of certiorari and/or review which was denied on January 10, 2003.[5]

On or about April 25, 2003, petitioner filed with the state district court an application for post-conviction relief [6] which was denied on May 1, 2003.[7]  He next filed with the Louisiana Fourth Circuit Court of Appeal an application for a writ of review[8] which was denied on the merits

---

[2] State Rec., Vol. I of II, transcript of February 3, 2000, p. 31; State Rec., Vol. I of II, minute entry dated February 3, 2000.

[3] State Rec., Vol. I of II, transcript of July 13, 2000; State Rec., Vol. I of II, minute entry dated July 13, 2000.

[4] State v. Sergent, No. 2001-KA-0377 (La. App. 4th Cir. Dec. 27, 2001) (unpublished); State Rec., Vol. I of II.

[5] State v. Sergent, 834 So.2d 436 (La. 2003) (No. 2002-KO-0508); Rec. Doc. 1.

[6] State Rec., Vol. II of II.  The application was signed by petitioner on April 25, 2003.

[7] State Rec., Vol. II of II, Judgment dated May 1, 2003.

[8] State Rec., Vol. II of II.

on August 27, 2003.[9]  He then filed with the Louisiana Supreme Court an application for a writ of review[10] which was denied on October 8, 2004.[11]

On or about June 14, 2005, petitioner filed this federal application for *habeas corpus* relief.[12]  In support of his application, he raises the following claims:

      1.        The trial court erred in failing to excuse a juror; and

      2.        Petitioner received ineffective assistance of counsel.

The state contends that petitioner's federal application is untimely.[13]  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final."  Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).[14]

As noted, on January 10, 2003, the Louisiana Supreme Court denied petitioner's writ application challenging the state intermediate appellate court's judgment affirming his conviction.

---

[9]  State v. Sergent, No. 2003-K-1074 (La. App. 4th Cir. Aug. 27, 2003) (unpublished); State Rec., Vol. II of II.

[10]  State Rec., Vol. II of II.

[11]  State *ex rel.* Sergent v. State, 883 So.2d 1032 (La. 2004) (No. 2003-KH-2623); State Rec., Vol. II of II.

[12]  Rec. Doc. 1.

[13]  Rec. Doc. 16.

[14]  Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

For AEDPA purposes, his conviction became "final" ninety (90) days later when his period expired for seeking a writ of certiorari from the United States Supreme Court.  See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).   Accordingly, petitioner's one-year period for seeking federal *habeas corpus* relief commenced on April 10, 2003, and expired one year later unless that deadline was extended through tolling.

The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).  Fourteen (14) days of petitioner's one-year statute of limitations elapsed prior to being tolled by the filing of his post-conviction application on April 25, 2003.  Although that application was denied, tolling continued uninterrupted during the period of appellate review, so long as petitioner sought such review in a timely manner.  See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004).  The record does not establish that petitioner's related writ applications were

untimely filed.[15]  Accordingly, the Court finds that tolling continued until the Louisiana Supreme Court denied the related writ application on October 8, 2004.

At that point, petitioner had three hundred fifty-one (351) days of his one-year statute of limitations remaining.  In that his federal application was filed two hundred forty-nine (249) days later on June 14, 2005,[16] it was timely.

---

[15]  The state contends that the related writ application was untimely filed with the Louisiana Fourth Circuit Court of Appeal; however, that fact cannot be conclusively established from the record.  This Court additionally notes that the Louisiana Fourth Circuit Court of Appeal denied the writ application on the merits, with no indication in its opinion that the application was untimely filed.

It is true that the state district court's judgment denying petitioner's post-conviction application was dated May 1, 2003, and that petitioner's writ application was not signed until June 9, 2003, after the normal thirty-day period for seeking review.  Nevertheless, even if the application was untimely filed, petitioner would lose credit only for the few days between the date his thirty-day period expired and the date he filed the untimely application.  Melancon v. Kaylo, 259 F.3d 401 (5th Cir. 2001).  Even without tolling credit for that brief period, petitioner's federal application is still timely.

Moreover, petitioner contends that he was not timely advised of the state district court's judgment, noting that he did not receive the judgment until June 4, 2003, and providing a copy of the envelope postmarked June 3, 2003, in which the judgment was mailed to him from the Orleans Parish Criminal District Court.  Rec. Doc. 19.  In light of the fact that petitioner apparently did not receive timely notice of the judgement, he would be entitled to equitable tolling of the period between the date the thirty-day period expired and the date the writ application was filed.  See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), modified on partial reh'g on other grounds, 223 F.3d 797 (5th Cir. 2000).

[16]  Petitioner's application was dated June 14, 2004; however, it is apparent from the application and its attachments that it was signed June 14, 2005.  Rec. Doc. 1.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his habeas petition to have been filed for statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

Because petitioner's federal application was timely filed and because the state concedes that petitioner exhausted his state court remedies,[17] the Court will address petitioner's claims.

<u>Standard of Review</u>

The AEDPA comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254.  Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact.  Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). <u>Hill v. Johnson</u>, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).   The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we

---

[17]  Rec. Doc. 16, p. 2.

> stressed in <u>Williams[ v. Taylor</u>, 529 U.S. 362 (2000)] that an
> unreasonable application is different from an incorrect one.

<u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); <u>see also</u> <u>Hill</u>, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

<u>Facts</u>

On direct appeal, the Louisiana Fourth Circuit Court of Appeal summarized the facts of this case as follows:

> At trial, Kevin Williams, a security counsel for the Orleans Parish School Board, testified that on October 30, 1999, about 3:35 a.m. he received a dispatch that the alarm system had been activated at the Mahalia Jackson School. Williams, who had been patrolling nearby, arrived at the school immediately. He testified that he was able to see a man on the second floor of the school, who appeared to be carrying a television set. Williams unlocked the gate on the chain-link fence surrounding the school, and entered the school building. He met Sergent on the first floor. When Williams ordered him to stop, Sergent did so and then placed the computer monitor and a bookbag he was carrying on the floor. Williams handcuffed Sergent and called the police. An inspection of the school premises revealed that a computer hard drive was outside the building, the lock securing the monitor to a table had been broken, a window had been forced open, and a door was open. Sergent was unable to provide any information that would justify his being in the school at that time of the morning.
> Officer Chris Gibson testified that he answered the summons to the Mahalia Jackson School when the police were called. There he found Sergent on the ground and the security officer standing over

- 7 -

him.  A computer monitor and a book bag containing school supplies were nearby.[18]

<u>Failure to Excuse Juror</u>

Petitioner's first claim is that the trial court erred in failing to excuse a juror for cause.  Petitioner alleges:

> [An] unknown juror indicated during the voir dire proceeding that she would be able to render an impartial verdict, even though she was found to be a former employee of the school where the burglary was committed.
> Petitioner contends that by this perspective [sic] juror being in indirect relationship to the subject matter of the trial, it was to [sic] close for her to be impartial, therefore the trial court erred by failing to excuse the juror for cause.[19]

The state district court found that claim to be "without merit."[20]  The Louisiana Fourth Circuit Court of Appeal found "no error" in that ruling.[21]  The Louisiana Supreme Court rejected the related writ application without assigning reasons.[22]

The voir dire proceedings were not transcribed, so this Court is unable to verify what actually transpired with respect to the prospective juror.  However, for the purposes of this decision,

---

[18] <u>State v. Sergent</u>, No. 2001-KA-0377, at pp. 1-2 (La. App. 4th Cir. Dec. 27, 2001) (unpublished); State Rec., Vol. I of II.

[19] Rec. Doc. 1, supporting memorandum, pp. 9-10.

[20] State Rec., Vol. II of II, Judgment dated May 1, 2003.

[21] <u>State v. Sergent</u>, No. 2003-K-1074 (La. App. 4th Cir. Aug. 27, 2003) (unpublished); State Rec., Vol. II of II.

[22] <u>State ex rel. Sergent v. State</u>, 883 So.2d 1032 (La. 2004) (No. 2003-KH-2623); State Rec., Vol. II of II.

- 8 -

this Court will accept as true petitioner's factual allegations and will further assume that the juror was in fact empaneled.  Nevertheless, for the following reasons, the Court finds that petitioner is not entitled to relief.

"The Sixth Amendment right to a fair trial includes the right to an impartial jury." Miniel v. Cockrell, 339 F.3d 331, 338 (5th Cir. 2003).  "The standard for determining when a venire member may be excluded for cause is whether the prospective juror's views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath."  Soria v. Johnson, 207 F.3d 232, 242 (5th Cir. 2000) (internal quotation marks omitted).

Although petitioner's counsel apparently did not challenge the juror in question, this Court notes that Louisiana law allows a trial judge to excuse a prospective juror for cause even in the absence of a challenge by the parties.  See, e.g., State v. St. Andre, 263 La. 48, 51, 267 So.2d 190, 191 (1972); State v. Kohler, 434 So.2d 1110, 1117 (La. App. 1st Cir. 1983).  However, federal *habeas corpus* relief may be granted only to remedy violations of *federal* law.  28 U.S.C. § 2254; Engle v. Issac, 456 U.S. 107, 119 (1983).  Petitioner has not demonstrated that *federal* law requires that a trial judge take that extraordinary action in the absence of such a challenge by the parties.  At least one federal court has found that federal *habeas* relief cannot be granted based on a trial judge's failure to do so.  Ruiz v. Norris, 868 F. Supp. 1471, 1491-94 (E.D. Ark. 1994), aff'd, 71 F.3d 1404 (8th Cir. 1995).

Nevertheless, even if the Court were to assume that federal law might require such an action in some cases, the instant case is not among them.  According to petitioner, the juror in question was a *former* employee of the burglarized school, and petitioner does not allege, much less

- 9 -

establish, that there was any ongoing relationship, financial or otherwise, between the juror and the school which would influence her in arriving at a verdict or would otherwise affect her ability, or even the ability of an average person in similar circumstances, to remain impartial.  See Seyler v. Burlington Northern Santa Fe Corp., 121 F.Supp.2d 1352, 1362-63 (D. Kan. 2000) (fact that one of the parties employed juror's son and formerly employed her husband was insufficient to warrant finding of bias in the absence of a financial relationship which would affect an average person's ability to remain impartial).  The juror allegedly indicated that she could in fact be impartial in the case, and this Court has no reason to believe that was not the case.  In similar cases, even arguably more direct relationships have not been found to require that a juror be excused for cause.  See, e.g., United States v. Abraham, 386 F.3d 1033, 1035 (11th Cir. 2004) (no error in failing to excuse a postal worker in a case involving the kidnapping of another postal worker), cert. denied, 126 S.Ct. 417 (2005); Vasey v. Martin Marietta Corp., 29 F.3d 1460, 1466-68 (10th Cir. 1994) (the fact that a juror was currently employed by a company having a consulting contract with a party did not warrant a presumption of bias); United States v. Boyd, 446 F.2d 1267, 1275 (5th Cir. 1971) (mere fact that jurors were currently employed at the military base where thefts occurred, without more, was insufficient to warrant finding of bias).

In light of the foregoing, this Court finds that petitioner has failed to demonstrate that that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  Accordingly, applying the AEDPA's deferential standard, this Court likewise rejects the claim.

<u>Ineffective Assistance of Counsel</u>

Petitioner contends that his trial counsel was ineffective.  In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.  A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. <u>See id</u>. at 697.  If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. <u>Id</u>.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. <u>See Styron v. Johnson</u>, 262 F.3d 438, 450 (5th Cir. 2001).  "Counsel's performance is deficient if it falls below an objective standard of reasonableness." <u>Little v. Johnson</u>, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. <u>See Strickland</u>, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 371 (1993) (quoting <u>Strickland</u>, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. <u>See Crockett v. McCotter</u>, 796 F.2d 787, 791 (5th Cir. 1986); <u>Mattheson v. King</u>, 751 F.2d 1432, 1441 (5th Cir. 1985).

In order to prove prejudice with respect to trial counsel, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.  In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome."  <u>Id</u>.  In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."  <u>Crockett</u>, 796 F.2d at 793.

A claim of ineffective assistance of counsel is a mixed question of law and fact. <u>Moore v. Cockrell</u>, 313 F.3d 880, 881 (5th Cir. 2002).  Therefore, this Court must defer to the state court on such claims unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

The state district court rejected petitioner's ineffective assistance of counsel claims, holding:

> Petitioner in his second claim alleges ineffective assistance of counsel.  Specifically, petitioner alleges that he was not timely informed of the date of his trial by counsel and that counsel failed to remove the juror referenced in claim one.  The record reflects that counsel for defendant acted at all times with due diligence and represented petitioner zealously.  Petitioner has failed to establish a claim under Strickland.[23]

---

[23]  State Rec., Vol. II of II, Judgment dated May 1, 2003.

The Louisiana Fourth Circuit Court of Appeal found "no error" in that ruling.[24]  The Louisiana Supreme Court rejected the related writ application without assigning reasons.[25]

As he did in his state application, petitioner contends in his federal application that his counsel was ineffective in failing to challenge the above-referenced juror for cause and for failing to use a peremptory challenge to remove her from the panel.  However, it has been noted that jury selection is "more an art than a science."  Romero v. Lynaugh, 884 F.2d 871, 878 (5th Cir. 1989).  Taking that into account, the United States Fifth Circuit Court of Appeals has stated, "The selection of a jury is inevitably a call upon experience and intuition.  The trial lawyer must draw upon his own insights and empathetic abilities."  Id.  Moreover, the Fifth Circuit has held:

> [An] attorney's actions during voir dire are considered to be a matter of trial strategy.  A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be so ill chosen that it permeates the entire trial with obvious unfairness.

Teague v. Scott, 60 F.3d 1167, 1172 (5th Cir. 1995) (quotation marks omitted).

Counsel's failure to challenge the juror in question, or to remove her from the panel by exercising a peremptory challenge, clearly does not rise to that level.  As noted previously, the juror stated that she could be impartial and petitioner has failed to offer any solid basis for disbelieving that statement.  One cannot reasonably conclude that the mere fact that the juror was formerly employed at the burglarized school would influence her in arriving at a verdict, nor does

---

[24]   State v. Sergent, No. 2003-K-1074 (La. App. 4th Cir. Aug. 27, 2003) (unpublished); State Rec., Vol. II of II.

[25]   State ex rel. Sergent v. State, 883 So.2d 1032 (La. 2004) (No. 2003-KH-2623); State Rec., Vol. II of II.

that indirect relationship require a presumption of bias.  In light of the foregoing, it can hardly be said that the counsel's failure to challenge the juror caused the entire trial to be permeated with obvious unfairness or that petitioner, who was convicted based on overwhelming evidence of his obvious guilt, was in any way prejudiced.[26]

Petitioner's second contention is that he was not kept informed about his case by counsel.  Petitioner alleges that, prior to his trial, he had last heard from his counsel some two months earlier and had been advised that counsel was working on a plea agreement.  He further alleges:

> Counsel failed to visit or commune with Petitioner relative to what type of defense strategy might be available upon investigation. More specifically the only time that Petitioner was allowed to communicate with counsel was at the arraignment and at the trial hearing.  No information was communicated to Petitioner by his counsel on what trial strategy the defense was planning to advocate.[27]

This Court need not reach the issues of whether petitioner's allegations are true or whether counsel's performance was deficient in these respects, because again petitioner has shown no prejudice.  Even if counsel had kept in better contact, petitioner has not alleged, much less established, that there is a reasonable probability that the result of the proceeding would have been

---

[26] The Court notes that petitioner indicates that he disagreed with counsel's decision not to challenge the juror and made that fact known to counsel.  Even if that is true, a fact which petitioner has failed to establish, it changes nothing.  The fact that a defendant disagreed with his counsel's decision on a matter of trial strategy does not violate the constitutional guarantee to effective counsel.  See, e.g., Lowenfield v. Phelps, 671 F. Supp. 423, 436-37 (E.D. La. 1987), aff'd, 817 F.2d 285 (5th Cir. 1987), aff'd, 484 U.S. 231 (1988); see also United States v. Nguyen, 997 F. Supp. 1281, 1291 (C.D. Cal. 1998).  Moreover, such disagreements do constitute a "conflict of interest."  United States v. Leggett, 81 F.3d 220, 227 (D.C. Cir. 1996).

[27] Rec. Doc. 1, supporting memorandum, p. 12.

different.  Additionally, petitioner offers no hint of any helpful information he could have imparted to counsel if there had been more frequent communication or of any possible line of defense which could have been pursued.  Moreover, this Court has no reason to believe that any such exculpatory information exists.  A security officer caught petitioner on school property in the middle of the night in very act of committing the burglary with the purloined property still in his hands.  What possible defense petitioner could have had to this damning evidence he fails to mention and this Court cannot imagine.  Accordingly, even if petitioner had known of his trial date in advance and had engaged in extensive preparatory conversations with counsel, there is absolutely no reason to believe that the result this instant case would have been different.

In the instant case, the state court correctly identified the appropriate legal standard, i.e. the Strickland standard, in analyzing petitioner's ineffective assistance of counsel claims. Moreover, petitioner has failed to demonstrate that the state court's decision on either of his ineffective assistance of counsel claims was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  Applying the AEDPA's deferential standard, this Court therefore rejects those claims.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Frank Sergent be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

- 15 -

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirteenth day of July, 2006.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**